**UNITED STATES COURT OF APPEALS**

**For the Fifth Circuit**

No. 95-50137
Summary Calendar

LIONEL PAYNE,

Plaintiff-Appellant,

VERSUS

TOGO D. WEST, JR., Secretary, Department of the Army,

Defendant-Appellee.

Appeal from the United States District Court
For the Western District of Texas
(No. CA-SA-94-458)
August 17, 1995

Before KING, SMITH, and BENAVIDES, Circuit Judges.

PER CURIAM:[*]

A former civilian employee of the United States, appellant

---

[*] Local Rule 47.5 provides:
"The publication of opinions that have no precedential value and merely decide particular cases on the basis of well-settled principles of law imposes needless expense on the public and burdens on the legal profession."
Pursuant to that Rule, the Court has determined that this opinion should not be published.

Lionel Payne appeals the dismissal and adverse summary judgment of his Title 42 U.S.C. § 2000 e et seq (Title VII) claim against the Department of the Army.  We AFFIRM for the following reasons:

1.     The EEOC issued its final decision finding no discrimination on May 10, 1993 and plaintiff's counsel received notice of receipt to sue on May 10, 1993.  Appellant filed his complaint June 6, 1994.  To the extent that Appellant's claim against the government asserted Title VII claims based upon a racially motivated or retaliatory discharge or removal, the claims were time-barred because they were not within 90 days of receipt of notice of right to sue from the EEOC.  See 42 U.S.C. § 2000 e-16 (c); Watkins v. Lujan, 922 F.2d 261, 263 (5th Cir. 1991).  The magistrate judge correctly dismissed the racially motivated or retaliatory discharge claims.

2.    Appellee presented legitimate, non-discriminatory reasons for the suspensions which were imposed on Appellant prior to his discharge (claims on the suspensions were not time-barred as the administrative appeals from these suspensions were not final actions until May 5, 1994 and May 10, 1994).  For the reasons set out in the order of the magistrate dated January 11, 1995, we agree that Appellant's summary judgment evidence failed to create a genuine issue of material facts regarding the stated legitimate reasons for the adverse employment action taken against Appellant. Appellant did not present sufficient evidence to create genuine

2

issue of material fact that any impropriety in his suspensions or training was racially motivated or based upon his prior complaints.[1]

AFFIRMED.

---

[1] Appellant has filed with the clerk a document entitled "Motion for Summary Judgment." The motion is not properly before this Court and is DISMISSED.